## UNITED STATES COURT OF INTERNATIONAL TRADE

OCP S.A.,

    *Plaintiff,*

EUROCHEM NORTH AMERICA
CORPORATION,

    *Consolidated Plaintiff,*

  and

PHOSAGRO PJSC, INTERNATIONAL
RAW MATERIALS LTD., and KOCH
FERTILIZERS LLC,

    *Plaintiff-Intervenors,*

v.

UNITED STATES,

    *Defendant,*

  and

THE MOSAIC COMPANY and J.R.
SIMPLOT COMPANY,

    *Defendant-Intervenors.*

Before: Stephen Alexander Vaden,
Judge

Consol. Court No. 1:21-cv-00219

## <u>ORDER</u>

    The United States International Trade Commission (the Commission) recently filed

its Remand Redetermination in this case. ECF No. 146. Media reporting on the Remand

Redetermination noted that it was "heavily redacted." *See, e.g.*, Jennifer Doherty, *Trade*

*Commission Reaffirms Fertilizer Import Injury*, LAW360 (Jan. 18, 2024)

https://www.law360.com/publicpolicy/articles/1787265/trade-commission-reaffirms-

fertilizer-import-injury. The Commission later filed the Public Remand Administrative

Record, ECF No. 149, which confirmed the extensive redactions of allegedly confidential information.

On January 8, the Court outlined the legal rules surrounding redaction in parties' filings in an opinion also involving the Commission. *See generally CVB, Inc. v. United States*, No. 1:21-cv-00288 (SAV), 48 CIT __, 2024 Ct. Intl. Trade LEXIS 1. *CVB* clarified the procedures for designating information as confidential. *See generally id.* The opinion noted that public access to information "is the default rule" and made three holdings about what qualifies as confidential information. *Id.* at \*3–5. First, parties forfeit confidentiality when they fail to comply with court rules governing the designation of information as confidential. *CVB*, 2024 Ct. Intl. Trade LEXIS 1, at \*6; *cf.* Fed. Cir. R. 25.1(c)(1) (material "lose[s] its status as subject to a protective order" when it "has appeared in a filing without being marked confidential"). Second, a party's claim of confidentiality is not dispositive; the Court has an independent duty to protect the public's right of access. *CVB*, 2024 Ct. Intl. Trade LEXIS 1, at \*5 ("merely claiming information is confidential does not make it so"); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416–17 (5th Cir. 2021); *Matter of Krynicki*, 983 F.2d 74 (7th Cir. 1992). Third, publicly available information is not confidential. *CVB*, 2024 Ct. Intl. Trade LEXIS 1, at \*5 ("Information is neither confidential nor business proprietary if it is publicly available."); *see also Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2363 (2019). The opinion in *CVB* predated the Commission's filing of the Administrative Record by twenty-four days. *See* ECF Nos. 149-50 (Jan. 31, 2024).

Alerted to the breadth of the redactions in the Commission's recent filings, the Court undertook a review of the record. That review revealed numerous redactions that appear

to violate the principles elucidated in *CVB*. The Remand Redetermination bracketed multiple pieces of information that are publicly available from various sources. Those sources include the parties' own websites, press releases and media reports, and public annual reports required by the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78m. The volume and nature of the publicly available bracketed information cause the Court to question whether counsel acted with appropriate diligence in representing that this information is confidential. *See* USCIT R. 11(b).

The Court's review also revealed bracketed information that may not meet the Commission's own confidentiality standards.[1] Under the Commission's regulations, information only qualifies as confidential if its release would either imperil the Commission's ability to collect information or cause competitive harm to the company from which it was obtained. 19 C.F.R. § 201.6 ("Confidential business information is information … the disclosure of which is likely to have the effect of either impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or causing substantial harm to the competitive position" of the entity from which the information was obtained.). Perhaps some of the bracketed information satisfied these standards at an earlier date. Four years since the period of review has ended, it is more difficult to see how that same information could "impair[] the Commission's ability to obtain … information" or "cause substantial harm to the competitive position" of a disclosing company. *Id.*; *see also Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 1:17-cv-

---

[1] "[I]nformation that fails to satisfy the Commission's standards for confidentiality is unlikely to satisfy the Court's standards." *CVB*, 2024 Ct. Intl. Trade LEXIS 1, at *12 n.3.

Consol. Court No. 1:21-cv-00219                                    Page 4

07417 (JLR) (SLC), 2023 U.S. Dist. LEXIS 61170, at *4-5 (S.D.N.Y. Apr. 6, 2023) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 U.S. Dist. LEXIS 8010, *35 (S.D.N.Y. Jan. 17, 2023)) ("[T]he older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed."); *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2022 U.S. Dist. LEXIS 10481, at *8 (W.D. Ky. Jan. 19, 2022) (denying defendant's redaction request, in part, because "the passage of time has … mitigated th[e] risk" that disclosure could lead to "competitive business harm").  Even classified information, which the Government protects for national security purposes and is more sensitive than the information at issue here, must be declassified at some point.  Exec. Order No. 13,526, 75 Fed. Reg. 707, 710 (Dec. 29, 2009) ("At the time of original classification, the original classification authority shall establish a specific date or event for declassification based on the duration of the national security sensitivity of the information ….   No information may remain classified indefinitely.").  Again, the volume and nature of the bracketed information that may not meet the Commission's own regulatory standards cause the Court to question whether counsel acted with appropriate diligence in representing that this information is confidential.  *See* USCIT R. 11(b).

The Court also notes that the Commission's Public Administrative Record bracketed as confidential the entirety of producers' and importers' questionnaire responses.  *CVB* explained that USCIT Rule 5(g) requires parties to "excise only that information which is truly confidential, allowing the public to view everything else."  2024 Ct. Intl. Trade LEXIS

Consol. Court No. 1:21-cv-00219                                    Page 5

1 at *4.  The Court specifically warned against "blanket designation" of questionnaire responses as confidential.  *Id.* at *10.

*CVB* outlined the law's expectations regarding redaction of allegedly confidential information.  The Court mentioned the Commission's "questionable position on transparency" in this case and warned that "[p]arties are expected to diligently follow the rules regarding confidentiality."  *Id.* at *17, *21.  It seems that the Commission may have failed to heed *CVB*'s warning.  To gain a better understanding of the justification for the redactions in the Administrative Record and Remand Redetermination, the Court finds a hearing is necessary.  It is **ORDERED** that:

An in-person hearing regarding the requested redactions shall take place at the Court of International Trade in New York.  Counsel for any party to this case that requested or approved redaction of any information identified in this Order and the attached exhibits is **ORDERED** to appear in-person at the hearing and be prepared to defend the alleged confidentiality of that information.[2]  Counsel for the United States International Trade Commission and the Commission's general counsel, Mr. Dominic Bianchi, are **ORDERED** to appear in-person.  Counsel for lead Plaintiff OCP is also **ORDERED** to appear in person.  Any party required to attend is **ORDERED** to provide the Court with their availability for the final two weeks of March and, in particular, for Friday, March 29, 2024.

The purpose of the hearing will be for the Court:

1) to determine who requested the redaction of what information;

2) to determine the parties' justifications or legal rationales for the redactions;

---

[2] This includes the Commission, Mosaic, and Simplot.

Consol. Court No. 1:21-cv-00219                                      Page 6

3) to determine why the Commission allowed the parties' redaction requests, or alternatively, why the Commission made the redactions itself;

4) to determine whether there was any ambiguity in the law;

5) to hear from any witnesses on the justifications for the redactions;

6) to determine the parties' mental states when redacting the information (*e.g.*, recklessness, negligence, *etc.*);

7) to determine whether counsel complied with USCIT Rule 11(b) by diligently investigating their representations regarding the purportedly confidential information;

8) to determine whether there is any "nonfrivolous argument" or "evidentiary support" for the parties' allegation that information available to the public qualifies as confidential business information; and

9) to discuss the propriety of sanctions for any violation of USCIT Rule 11.

To satisfy the notice requirements of USCIT Rule 11, the Court provides the parties with two exhibits listing the information whose confidentiality is questioned. The exhibits list the page numbers of the Remand Redetermination where the questioned information can be found as well as the basis for questioning the information's alleged confidentiality. One exhibit lists information that is already publicly available. The second exhibit lists information that may not meet the Commission's own standard for confidentiality. The two exhibits *plus* the redacted questionnaires represent the total amount of information about which the Court intends to question the parties. Public versions of the exhibits will also be provided. For the time being, the alleged confidential information will remain redacted in the public versions.

Consol. Court No. 1:21-cv-00219                                   Page 7

Any party not required to attend the hearing may voluntarily attend in person to provide its views on the above questions.  Parties will be permitted to call witnesses at the hearing.  Any party that wishes to do so must submit a list of the witnesses it intends to call at the hearing and the topics on which those witnesses intend to testify.  The list should also include any exhibits the parties intend to introduce into evidence and the purpose for which the exhibits will be proffered.  In addition to questions from counsel, all witnesses will be subject to questioning directly by the Court.  Parties shall file any witness and exhibit lists no later than 5 p.m. Eastern Time fourteen days before the scheduled hearing date. After the hearing, the Court will issue any orders necessary to protect the public's right to transparency in this case.

**SO ORDERED.**

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: February 29, 2024
        New York, New York