UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| OCP S.A.,<br>        Plaintiff,<br><br>and<br><br>EUROCHEM NORTH AMERICA CORPORATION,<br>        Consolidated Plaintiff,<br><br>and<br><br>PHOSAGRO PJSC, INTERNATIONAL RAW MATERIALS LTD., and KOCH FERTILIZER, LLC,<br>        Plaintiff-Intervenors,<br><br>        v.<br><br>UNITED STATES,<br>        Defendant,<br><br>and<br><br>THE MOSAIC COMPANY and J.R. SIMPLOT COMPANY,<br>        Defendant-Intervenors. | Consol. Court No. 21-00219<br><br>**NON-CONFIDENTIAL VERSION**<br><br>Business proprietary information removed from pages 2-4 and Attachment at pages 1-8 |

**DEFENDANT-INTERVENOR THE MOSAIC COMPANY'S SUPPLEMENTAL BRIEF ON CONFIDENTIALITY**

David J. Ross
Jeffrey I. Kessler
Stephanie E. Hartmann
Alexandra Maurer
WILMER CUTLER PICKERING HALE AND
   DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Dated: May 22, 2024

Case 1:21-cv-00219-SAV   Document 196   Filed 05/22/24   Page 2 of 7

**Consol. Court No. 21-00219**  **NON-CONFIDENTIAL VERSION**

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. INFORMATION FOR WHICH MOSAIC CLAIMS CONFIDENTIAL
TREATMENT .................................................................................................................. 2
III. CONCLUSION ................................................................................................................ 5

Case 1:21-cv-00219-SAV   Document 196   Filed 05/22/24   Page 3 of 7

Consol. Court No. 21-00219                                                    NON-CONFIDENTIAL VERSION

I.     INTRODUCTION

Defendant-Intervenor The Mosaic Company ("Mosaic") respectfully submits this supplemental brief in response to the Court's order dated March 29, 2024. Mosaic supports the arguments and explanations provided by the United States International Trade Commission ("Commission" or "ITC") in its supplemental brief dated May 8, and incorporates them by reference. ITC Suppl. Br., ECF 191.

In order to assist the Court in its evaluation of the confidentiality issues raised in its Order Regarding Confidentiality and at the March 29, 2024 hearing, Mosaic's comments focus on the information identified by the Court as potentially "Publicly Available Information" in the Exhibit to the Court's February 29, 2024 Order Regarding Confidentiality. *See* ECF 159.[1] As discussed below, one of the statements in Exhibit 1 (*i.e.*, item #10) would cause serious commercial harm to Mosaic if disclosed to the public, and therefore Mosaic urges the Court to maintain the confidentiality of this information. *See id.* at 1-2. Two other statements in Exhibit 1 (*i.e.*, items #2 and #4) include information that is not publicly available, and which, if disclosed, would impair the ITC's ability to conduct investigations. *See id.* at 1. Therefore, Mosaic requests confidential treatment for these statements as well.

However, Mosaic does not claim confidential treatment for certain items in Exhibit 1 to the Court's Order Regarding Confidentiality, insofar as the corresponding statements pertain to Mosaic – specifically, items #1, #5, #16, #18, and #20. This is consistent with comments made by counsel for Mosaic at the March 29, 2024 hearing. Tr. at 140-152 (Mar. 29, 2024) (ECF 193) (Mr. Kessler).

---

[1] The Commission discusses Exhibit 2 to the Court's Order Regarding Confidentiality in its comments to the Court. *See* ITC Suppl. Br., ECF 191.

Case 1:21-cv-00219-SAV   Document 196   Filed 05/22/24   Page 4 of 7

BUSINESS PROPRIETARY
INFORMATION DELETED

Consol. Court No. 21-00219                                                    NON-CONFIDENTIAL VERSION

Below, Mosaic discusses the items for which we seek confidential treatment. In addition, the Attachment to this submission addresses each piece of information in Exhibit 1 to the Court's Order Regarding Confidentiality. *See* ECF No. 159.

## II. INFORMATION FOR WHICH MOSAIC CLAIMS CONFIDENTIAL TREATMENT

**A.    Item #10 / Commission Remand Views at 22-23:** "Mosaic's distribution network includes "[

]"

Mosaic respectfully urges the Court to maintain confidential treatment of the following information: "**[**

**]**." This text appears in item #10 in Exhibit 1 to the Court's Order Regarding Confidentiality, ECF No. 159.

The information in the above-quoted statement is not substantially equivalent to information that is publicly available. The Court identified Mosaic's 2022 Form 10-K at pages 14-15 as containing publicly available information similar to the information contained in the quoted statement. *See* ECF No. 159 at 1. However, Mosaic's 2022 Form 10-K at pages 14-15 describes Mosaic's distribution activities in general terms. It states: "In addition to the facilities that we own, our U.S. distribution operations also include leased distribution space or contractual throughput agreements in other key geographical areas . . ." However, to our knowledge, there is no publicly available document that provides the quoted details regarding the types of

**Consol. Court No. 21-00219**  **NON-CONFIDENTIAL VERSION**

contractual arrangements Mosaic uses for its distribution facilities, as well as the number of each type of distribution facility and locations of certain types of distribution facilities.

Furthermore, disclosure of this information would cause substantial harm to Mosaic's competitive position. This is because information about the types, number, and locations of Mosaic's distribution facilities would be highly valuable to Mosaic's competitors. Disclosure of this information would give Mosaic's competitors market intelligence that they could use to identify and target Mosaic's customers. In other words, the information, if disclosed, would give Mosaic's competitors a roadmap to take away business from Mosaic. Public disclosure of this information would likely also harm Mosaic's ability to enter into certain types of contractual arrangements for distribution facilities, because **[**


**]**.

In addition, Mosaic believes that public disclosure of this information would impair the ITC's ability to conduct investigations. U.S. producers would be less willing to provide detailed information about their operations to the ITC in questionnaire responses and other written submissions if there is a risk that the information might be publicly disclosed in subsequent litigation – particularly if the disclosure happens over the submitter's objections.

However, Mosaic does not claim confidential treatment for the following text: "**[**

**]**" and "**[**


**]**". Mosaic considers that these statements are substantially equivalent to others that are publicly available.

- 3 -

    **B.**    **Items #2 and #4 / Commission Remand Views at 11: "[    ] largest export market was [    ]" and "[    ] also shipped products to [    ]"**

Mosaic believes that the Court should maintain the confidential treatment of the above-quoted statements as well, which correspond to items #2 and #4 in Exhibit 1 of the Court Order Regarding Confidentiality. *See* ECF No. 159.

The record source for these statements in the ITC Remand Views is the ITC's Posthearing Report at page III-11, n.26 (APPX0098439, APPX0018676), which in turn cites an email from counsel for Mosaic for which Mosaic claimed confidential treatment (APPX0087727-0087729). This email contains information regarding Mosaic's U.S. exports of phosphate fertilizers that is more detailed than information that is publicly available.

The public source identified by the Court (Mosaic's 2017 Form 10-K at F-88) provides financial information regarding the operations of the company as a whole, by geographic region. *See* ECF No. 158 at 1. Specifically, the Form 10-K identifies the geographic areas where Mosaic operated in 2015-2017 and provides Mosaic's net sales values for all products in each relevant country. This publicly available information is not specific to Mosaic's phosphate fertilizer segment and is not substantially equivalent to the more detailed information contained in the email for which counsel for Mosaic claimed confidential treatment.

Thus, the information in items #2 and #4 (insofar as it pertains to Mosaic) is not publicly available, and disclosure of the information would impede the Commission's ability to conduct investigations. Furthermore, it could be commercially valuable to competitors to know the complete list of countries to which Mosaic exports phosphate fertilizers, and accordingly the disclosure of this information could cause competitive harm to Mosaic. Accordingly, Mosaic continues to request confidential treatment for this information.

Case 1:21-cv-00219-SAV   Document 196   Filed 05/22/24   Page 7 of 7

Consol. Court No. 21-00219                                   NON-CONFIDENTIAL VERSION

## III. CONCLUSION

We request that the Court maintain the confidentiality of items #2, #4, and item #10 in Exhibit 1 to the Court's Order Regarding Confidentiality.

                                           Respectfully submitted,

                                           /s/ Jeffrey I. Kessler
                                           David J. Ross
                                           Jeffrey I. Kessler
                                           Stephanie E. Hartmann
                                           Alexandra Maurer
                                           WILMER CUTLER PICKERING HALE AND
                                              DORR LLP
                                           2100 Pennsylvania Avenue NW
                                           Washington, DC 20037
                                           (202) 663-6612
                                           jeffrey.kessler@wilmerhale.com

                                           *Counsel for The Mosaic Company*

Dated: May 22, 2024