*PUBLIC VERSION*

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONRABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| OCP SA.,<br><br>    *Plaintiff*,<br><br>and<br><br>EUROCHEM NORTH AMERICA, CORP.,<br><br>    *Consolidated Plaintiff*,<br><br>and<br><br>PHOSAGRO PJSC, INTERNATIONAL RAW MATERIALS, LTD., and KOCH FERTILIZER, LLC,<br><br>    *Plaintiff-Intervenors*,<br><br>    v.<br><br>UNITED STATES,<br><br>    *Defendant*,<br><br>and<br><br>THE MOSAIC COMPANY AND J.R. SIMPLOT COMPANY,<br><br>    *Defendant-Intervenors.* | Consol. Court No. 21-00219 |

**DEFENDANT'S MOTION FOR ISSUANCE OF A
PUBLIC OPINION AND FOR A ONE WEEK EXTENSION OF TIME
<u>TO SUBMIT THE REMAND DETERMINATION</u>**

    Pursuant to Rules 6(b) and 7(b) of the Rules of the United States Court of International Trade ("USCIT R."), defendant, the United States International Trade Commission, respectfully

*PUBLIC VERSION*

requests that the Court issue a public version of the Court's April 22, 2025 opinion, ECF No. 224 ("Second Remand Opinion") that is consistent with the highlighting and double bracketing of business proprietary information ("BPI") reflected in attached Exhibit A.  The Commission also respectfully requests that the Court extend by seven days the deadline for the Commission to file its second remand determination, and similarly extend the remaining deadlines in the Court's Second Remand Opinion.  The Commission's second remand determination is currently due on July 21, 2025.  With the requested extension, the remand determination would be due on July 28, 2025.

On June 18, 2025, undersigned counsel for the Commission contacted counsel for the parties via e-mail to obtain their position on this motion.  On June 18, 2025, Patrick McLain, on behalf of defendant-intervenor J.R. Simplot Company, Stephanie Hartman, on behalf of defendant-intervenor Mosaic Company, and Melissa Brewer, on behalf of plaintiff-intervenor International Raw Materials, consented to this motion.  On June 18, 2025, Jeremy Dutra, on behalf of consolidated plaintiff EuroChem North America Corporation, and Michael Jacobson, on behalf of plaintiff-intervenor, PhosAgro PJSC, stated that they take no position with respect to this motion.  On June 20, 2025, James Smith, on behalf of plaintiff OCP S.A., stated that OCP S.A. consents to the motion for additional time and the release of a public version, while taking no position on the confidentiality of specific passages pertaining to the information of other parties.  On June 20, 2025, Kenneth Weigel, on behalf of plaintiff-intervenor Koch Fertilizer LLC, stated that Koch Fertilizer LLC takes no position with respect to this motion.

## BACKGROUND

Prior to the Court's issuance of its Second Remand Opinion, on April 4, 2025, the Commission filed a petition for writ of mandamus with the United States Court of Appeals for

the Federal Circuit. Petition for a Writ of Mandamus, *In re United States*, Fed. Cir. No. 25-127, ECF No. 2-1 (Apr. 7, 2025). In the Mandamus Petition, the Commission requested that the Federal Circuit grant its request for relief from the Court's opinion and order dated March 27, 2025, ECF No. 220 ("March Opinion"), which addressed the preservation of confidentiality of information treated as BPI before the Commission and this Court. Shortly thereafter, this Court issued the Second Remand Opinion on April 22, 2025, in which it remanded the matter to the Commission and also ordered the Commission, unless directed otherwise by the Federal Circuit, to comply with the March Opinion when determining which information deserves confidential treatment and to correct the public version of the record. Second Remand Opinion at 50.

On April 29, 2025, the Commission filed its reply brief in support of its Mandamus Petition in which it sought, among other requests, that the Federal Circuit direct this Court to issue a public version of the Second Remand Opinion that includes any redactions proposed by the Commission and the parties. Reply Brief, *In re United States*, Fed. Cir. No. 25-127, ECF No. 8 (Apr. 29, 2025) at 16.

Although the Second Remand Opinion remained under seal, mindful of the Court's deadline of July 21, 2025, to complete the remand proceedings, on June 4, 2025, the Commission issued a notice of remand procedures. *Phosphate Fertilizers from Morocco and Russia*, 90 Fed. Reg. 24,411, 24,412 (ITC Jun. 10, 2025). The notice set a deadline of June 20, 2025, for the parties to file comments "concerning how the Commission could best comply with the court's remand instructions." *Id.*

One week later, on June 11, 2025, the Federal Circuit issued an order in which it companioned the Commission's Mandamus Petition with the Commission's appeal in *In re United States*, Fed. Cir. No. 24-1566, stayed this Court's instructions to comply with the March

Opinion and to correct the public version of the record, and denied without prejudice the Commission's request for an order directing the release of a redacted version of the Second Remand Opinion subject to the Commission first asking this Court for such relief. Order, *In re United States*, Fed. Cir. No. 25-127, ECF No. 9 (Apr. 11, 2025) at 5.

Subsequently, on June 12, 2025, defendant-intervenors Mosaic and J.R. Simplot wrote a letter to the Commission requesting that the Commission extend the Commission's deadline for comments on the second remand proceedings until this Court had issued a public opinion, or, in the alternative, extend the deadline by one week. *See* Joint Request for an Extension of Time to File Comments, EDIS Doc. 853652 (July 12, 2025), attached as Exhibit. B. In its letter, counsel explained that the fact that the Second Remand Opinion remained under seal placed counsel in a difficult position because, without a public opinion, it was unclear how interested parties could refer to the contents of the Second Remand Opinion during remand. *Id.* On June 18, 2025, the Commission granted this request.

## ARGUMENT

The Commission respectfully requests that the Court grant this request to issue a public version of the Second Remand Opinion that is consistent with the highlighting and double bracketing of BPI reflected in Exhibit A, and also grant our request for a one-week extension of time within which to file the Commission's second remand determination. As explained below, good cause exists for these requests. Regarding the motion for release of a public opinion, this request is consistent with the Federal Circuit's instructions to first seek such release from this Court. The Commission has coordinated with the parties in reviewing the sealed opinion to ensure that the status of what it and the parties believe to be BPI is preserved pending guidance from the Federal Circuit in the *In re United States* appeals.

4

Good cause also exists for the requested one-week extension of time for two reasons. First, the Commission requests an extension of time to accommodate the one-week extension it granted to the parties for filing of their comments in the administrative remand proceedings. Release of the public version of the Second Remand Opinion would enable the parties with an interest in this litigation to understand the reasoning and concerns underlying the remand to the Commission. This in turn, would enable them to provide meaningful input into the Comments that they file in the administrative remand proceedings, and benefit the Commission's consideration of the parties' arguments. Second, the Commission also requires additional time to complete its second remand determination because undersigned counsel for the Commission, Courtney McNamara, sustained an eye injury on May 24, 2025, which required her to undergo emergency treatment and take unexpected extended medical leave. This has prevented her from working on this or any other matter and, although she has recently returned to work, her ongoing treatment and recovery will hinder her ability to work on the second remand proceedings for at least the next several weeks.

When a motion is filed prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT R. 6(b)(1)(A); *see also* USCIT R. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct. Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014).

***PUBLIC VERSION***

Good cause exists for granting the request for release of a public version of the Second Remand Opinion, consistent with the proposed highlighting and double bracketing of BPI set out in Exhibit A. As explained above, in the briefing before the Federal Circuit, the Commission expressed concern regarding the preservation of information that it has designated as BPI. The Commission also explained that the absence of a redacted version of the Second Remand Opinion disadvantages the parties to the proceedings, because they have no access to the content of the opinion or the reasons for the remand. Consequently, in its reply brief the Commission requested that the Federal Circuit direct this Court to issue a public decision that preserved the status of any BPI designated as such before the Commission. In its June 11, 2025 order, the Federal Circuit indicated that the Commission should first seek issuance of a public version of the Second Remand Opinion from this Court. The appellate Court also stayed any requirements for the Commission to alter its designations of BPI. Given these two rulings, preservation of the status of designated BPI is warranted, while it also would serve the parties, the Commission, and the Court for there to be a publicly-available version of the Second Remand Opinion that will enable the interested parties to reply to the concerns expressed in that opinion. The Commission has conferred with all counsel in ascertaining what information in the Second Remand Opinion might be BPI. The Commission appreciates the Court's efforts to avoid inclusion of BPI in the Second Remand Opinion. The lightly-bracketed version of the opinion contained in Exhibit A, however, identifies a handful of proposed items which the Commission (with defendant-intervenor Mosaic's concurrence in two instances) believe is properly designated as BPI. The justifications for the proposed bracketing is below.

On page 20 of Exhibit A, the highlighted and double bracketed information contains BPI that concerns an individual firm's operations, which was afforded confidential treatment and

bracketed by the Commission in its Remand Views, and which the individual firm has confirmed contains sensitive BPI.

On page 24 of Exhibit A, the highlighted and double bracketed information contains BPI that concerns an individual firm's operations, which was afforded confidential treatment by the Commission in its Remand Views and in its confidential treatment of the domestic producer's questionnaire response, and which the individual firm has confirmed contains sensitive BPI. Although the firm is not specifically named in the Second Remand Opinion, the firm's identity is readily ascertainable because the Commission in its public Comments on Remand Determination cited to the same joint appendix page to which the Court cited, and identified the firm associated with it. *See* Defendant United States International Trade Commission's Corrected Comments on Remand Determination, ECF No. 183, at 14.

On page 46 of Exhibit A, the highlighted and double bracketed information relates to responses to the Commission's purchaser questionnaire, the entirety of which at this point must retain the BPI status afforded by the Commission, including the identity of the responding purchasers. Although the total count of firms responding to the pertinent question in the staff report cited by the Court is public information, revealing the bracketed information would enable certain domestic producers to ascertain the substance of the individual responses of others.

On page 47 of Exhibit A, the highlighted and double bracketed information relates to a firm's responses to the Commission's purchaser questionnaire, which as noted, at this point must retain the BPI status afforded by the Commission. The bracketed information consists of a numerical characterization from which a close approximation of the purchaser's specific BPI response could be mathematically derived from the publicly available total amount of confirmed lost sales.

Good cause also exists for the grant of a one-week extension for the submission of the Commission's second remand determination. Given the pending deadline for return of the second remand determination to this Court, the Commission proceeded with issuance of remand procedures, as set out in *Phosphate Fertilizers from Morocco and Russia*, 90 Fed. Reg. 24,411 (ITC Jun. 10, 2025). These procedures included the opportunity for the parties to file remand comments with the Commission no later than June 20, 2025—notwithstanding that the companies themselves did not have access to the content of this Court's Second Remand Opinion because that opinion remained under seal. Two of the parties, Mosaic and J.R. Simplot, requested an extension of the Commission's deadline, noting the Federal Circuit's June 11, 2025, instructions to seek release of a redacted public version of the Second Remand Opinion from this Court, and expressing their uncertainty as to how to proceed with filing comments at the current juncture. *See* Exhibit B. On June 18, 2025, the Commission granted this extension to all parties. If this Court were to grant the request for release of a public version of the Second Remand Opinion, that would enable counsel to consult meaningfully with their clients prior to submitting remand comments. In turn, it would enable counsel to obtain necessary input from the companies and prepare responsive comments in the administrative remand proceedings. At the same time, the extension of the deadline for comments compels a commensurate one-week extension for filing of the Commission's remand determination, in order to provide the Commission with adequate time to fully consider the parties' comments, and vote and draft comprehensive second remand Views that address the Court's concerns.

Further, on May 24, 2025, undersigned counsel for the Commission suffered a serious eye injury that resulted in an infection, which required her to take extended medical leave and severely limited her ability to perform any work. Although undersigned counsel was able to

8

make a limited return to work on June 10, 2025, her ability to work on a full-time basis has been hindered and will likely continue to be hindered in the coming weeks, by impaired vision and sensitivity to light as well as undergoing continued treatment involving frequent doctor's appointments.

Thus, the requested extension will allow counsel to receive meaningful input from their clients prior to submitting their comments to the Commission; ensure that the Commission has sufficient time to consider the comments submitted by the parties and to prepare its second remand determination; and will provide additional time for counsel to be in a position to work more fully on this matter. For these reasons, the Commission respectfully requests that the Court issue a public opinion consistent with the highlighting and double bracketing of BPI reflected in Exhibit A, extend by seven days the deadline for the Commission to file its second remand determination, and similarly extend by seven days all remaining dates set forth in the Court's Second Remand Opinion.

                                      Respectfully submitted,

                                      */s/ Andrea C. Casson*
                                      Andrea C. Casson
                                      Assistant General Counsel for Litigation

PUBLIC VERSION

/s/ Courtney S. McNamara
Courtney S. McNamara
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
Facsimile: (202) 205-3111
courtney.mcnamara@usitc.gov

Dated: June 20, 2025